IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00620-RJC-DSC

| | | |
|---|---|---|
| KEVIN FONSECA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| AMERICAN RED CROSS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on "Defendant's Motion for Sanctions" (document #53) filed April 27, 2022. Defendant seeks dismissal and monetary sanctions following pro se Plaintiff's failure to respond to the Court's "Order" compelling him to serve complete supplemental discovery responses. Document #51 entered April 11, 2022.

Plaintiff has not served supplemental discovery responses and has not responded to the Motion for Sanctions.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

In its Order, the Court warned that:

> Dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery and orders of the District Court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).
> Accordingly, the Court warns Plaintiff that failure to provide full and complete responses to these discovery requests, to respond to any other of Defendant's reasonable discovery requests, or to otherwise comply fully with any

of the Court's orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include Plaintiff being ordered to pay Defendant's costs including reasonable attorney's fees in their entirety and may also include dismissal of the Complaint with prejudice.**

Document #51 at 1-2 (emphasis in original).

The District Court also has the inherent authority to dismiss a case for failure to prosecute and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Since dismissal is a severe sanction, the Court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978). The Fourth Circuit requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Plaintiff has failed to comply with the Court's Order or respond to the Motion for Sanctions. Accordingly, the Court concludes that any sanctions short of dismissal would not be effective.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion for Sanctions" (document #53) be **GRANTED**, that is, the Complaint be **DISMISSED WITH PREJUDICE** and any additional sanctions that the District Judge determines are appropriate be imposed.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiff, counsel for Defendants, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: May 23, 2022

David S. Cayer
United States Magistrate Judge