UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00620-RJC-DCK

| KEVIN FONSECA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| AMERICAN RED CROSS, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Sanctions and the Magistrate Judge's Memorandum and Recommendation ("M&R"), which recommends granting the motion and dismissing the Amended Complaint with prejudice. (DEs 53, 54).

**I.    BACKGROUND**

Including the present case, pro se Plaintiff Kevin Fonseca ("Mr. Fonseca") has filed at least seven lawsuits within the Western District of North Carolina over the past two years.[1] All seven lawsuits are related to employment disputes, and many include Defendant American Red Cross ("Red Cross"). Of note, all previous suits have been dismissed, some with strong warnings against frivolous filings. For example, in dismissing one case with prejudice, Judge Cogburn provided the following warning to Mr. Fonseca.

> The Court warns Plaintiff that if he continues to file vexatious and meritless lawsuits in this Court, the Court will enter a pre-filing injunction against Plaintiff. This means Plaintiff will have to first obtain permission from the Court before

---

[1] *Fonseca v. The American National Red Cross et al.*, 3:20-cv-00003-FDW-DSC; *Fonseca v. American National Red Cross*, 3:20-cv-00526-RJC-DSC; *Fonseca v. American Red Cross et al.*, 3:21-cv-00368-RJC-DSC (W.D.N.C. Feb. 7, 2022); *Fonseca v. I.B.T. Teamsters Local Union 71*, 3:21-cv-00369-MOC-DCK (W.D.N.C. May 9, 2022); *Kevin Fonseca v. Teamsters Local Union No. 71 et al.*, 3:21-cv-00450-MOC-DCK; *Fonseca v. American Red Cross et al.*, 3:21-cv-00452-RJC-DSC.

1

filing any more lawsuits in this Court. Plaintiff's vexatious filings are placing an undue burden on the Court's limited time and resources for adjudicating lawsuits that contain merit. The Court will also consider imposing monetary sanctions against Plaintiff.

*Fonseca v. Teamsters Loc. Union 71*, No. 3:21-CV-369-MOC, 2022 WL 1445460, at *11 (W.D.N.C. May 6, 2022). In dismissing another case with prejudice, the undersigned similarly warned Mr. Fonseca, noting:

> Plaintiff is warned that his continued duplicative and/or harassing filing of lawsuits against Defendants and related parties in connection with his employment with American Red Cross and related arbitration proceedings and/or the filing of frivolous motions and other filings in the now pending or previous closed cases may result in the imposition monetary sanctions and the imposition of a pre-filing injunction.

*Fonseca v. American Red Cross*, No. 321-CV-00452-RJC-DSC, 2022 WL 1154757, at *4 (W.D.N.C. Apr. 19, 2022). Despite these warnings, Mr. Fonseca continues to be a vexatious litigant.

In the present case, Mr. Fonseca alleges that Red Cross discriminated against him based on his race and age in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. (DE 42). In particular, Mr. Fonseca claims that he was terminated in November 2019 for "allegedly leaving equipment behind" but that this was really only a pretext for discrimination. (DE 42 at ¶ 15). During discovery, Mr. Fonseca failed to effectively respond to Red Cross's Interrogatories and Requests for Production, which forced Red Cross to move to compel Mr. Fonseca to respond. (DE 44). After the Magistrate Judge granted the motion to compel, Mr. Fonseca still failed to comply. (DE 51). Red Cross then moved for sanctions including dismissing the Amended Complaint with prejudice, which the M&R recommends granting. (DEs 53, 54). A timeline of relevant events is provided below.

Red Cross submitted the first set of Interrogatories and Requests for Production of Documents to Mr. Fonseca on October 8, 2021.  (DE 57 at ¶ 1).  On December 10, 2021, Red Cross sent another copy of the discovery requests to Mr. Fonseca after he failed to respond.  (*Id* at ¶ 2).  Without requesting an extension of time, Mr. Fonseca responded after the deadline with "boilerplate objections and limited, deficient responses." (*Id*. at ¶¶ 3, 4).  As a result, Red Cross served Mr. Fonseca with a comprehensive deficiency letter and requested prompt supplementation. (*Id.* at ¶¶ 5, 6).  Mr. Fonseca never responded to the deficiency letter.  (*Id.* at ¶ 6).

On February 24, 2022, Red Cross filed a Motion to Compel Plaintiff's Discovery Responses, noting both the untimeliness and numerous deficiencies.  (DE 44).  Thereafter, on April 11, 2022, the Magistrate Judge granted the motion and ordered Mr. Fonseca to supplement the discovery responses within fourteen days.  Mr. Fonseca again failed to respond.  (DE 57 at ¶ 10).  Red Cross then moved for sanctions including dismissing the Amended Complaint with prejudice and attorneys' fees.  (DE 53).  In the M&R, the Magistrate Judge recommends dismissal with prejudice.  Mr. Fonseca did participate in objecting to the M&R, arguing that he never received Red Cross's Motion for Sanctions and that he has not followed the Magistrate Judge's order to supplement his discovery responses because he believes the requests are "irrelevant" and "prejudicial."  (DE 56 at 1).

## II.     STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. § 636(b)(1)(A) & (B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. at 47. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISSCUSSION

The All Writs Act, 28 U.S.C § 1651(a), "grants federal courts the authority to limit access to courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N.A., Inc.*, 390 F. 3d 812, 817 (4th Cir. 2004). As in previous matters, "a judge should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 818. While the Court declines to issue a pre-filing injunction at this time, as Mr. Fonseca filed the present case before the aforementioned judicial warnings were issued in parallel cases, Mr. Fonseca's failure to participate and heed this Court's orders warrant dismissal.

District Courts have the inherent authority to dismiss a case for failure to prosecute and Rule 41(b) "provides an explicit basis for this sanction." *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991). However, dismissal is a severe sanction which courts should use with caution. *Dove v. CODESCO,* 569 F. 2d 807, 810 (4th Cir. 1978). Therefore, the Fourth Circuit has laid out four factors to consider when dismissing a case for the failure to prosecute: "(1) the plaintiff's degree

of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F. 2d 171, 174 (4th Cir. 1990). However, this is not a rigid test and "the court shall consider the circumstances of each case." *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 450 (M.D.N.C. 2005). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Black v. New Jersey*, No. 7:IO-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

The first factor—plaintiff's degree of personal responsibility—strongly favors dismissal. Mr. Fonseca repeatedly failed to respond or address his deficient discovery responses, even after this Court ordered him to do so. Even assuming Mr. Fonseca did not have notice of the motion for sanctions, he had notice that this Court ordered him to supplement his discovery responses and failed to do so. Accordingly, Mr. Fonseca's failure to supplement his discovery responses are solely his responsibility.

The second factor—the amount of prejudice to the defendant—also strongly favors dismissal. Mr. Fonseca's continued failure to sufficiently respond to discovery requests prejudices Red Cross as it cannot adequately prepare for summary judgment or trial. Moreover, the prejudice is entirely one-sided as Mr. Fonseca's failure to supplement not only hurts Red Cross but benefits himself.

The third factor—plaintiff's history of dilatory actions—strongly favors dismissal as well. While the Court is understanding as to actions brought by pro se plaintiffs, Mr. Fonseca's actions are not those of a first time litigant. Mr. Fonseca filed seven actions in the Western

District, many of which were similar in nature. All were dismissed, including two with strong warnings against future vexatious litigation. Moreover, in the present case alone, Mr. Fonseca was dilatory on numerous occasions. For example, he failed to timely respond to the discovery requests, failed to timely respond after Red Cross re-sent the first discovery requests, failed to respond to the deficiency letter, and failed to follow the Order compelling supplementation. Moreover, he filed four separate Motions for Extension of Time. This shows Mr. Fonseca has a sustained history of dilatory action in this case as well as other similar cases. *See Link v. Wabash R. Co.*, 370 U.S. 626, 634–35 (1962) (upholding district court's dismissal with prejudice for failure to prosecute after plaintiff had a history of dilatory actions).

The fourth factor—availability of less drastic sanctions—also favors dismissal. While dismissal is a severe sanction, Mr. Fonseca's failure to respond to numerous discovery requests as well as this Court's Order warrants dismissal as any sanctions short of dismissal would not be effective. Moreover, Mr. Fonseca was on notice from warnings in prior cases that severe sanctions were probable if he continued to disregard orders. However, this does not appear to have altered Mr. Fonseca's litigation strategy.

Accordingly, as the factors strongly favor dismissal this Court will adopt the M&R and dismiss the Amended Complaint with prejudice. Attorneys' fees are not warranted at this time. While this Order will close Mr. Fonseca's last pending case in the Western District, should Mr. Fonseca pursue further litigation in this District, he is warned that frivolous and vexatious litigation tactics may result in sanctions including payment of the opposing party's attorneys' fees.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R, (DE 54), is **ADOPTED**;

2. Defendant's Motion for Sanctions, (DE 53), is **GRANTED in part and DENIED in part**. Specifically, the Amended Complaint is **DISMISSED with prejudice** and Defendant's request for attorneys' fees is **DENIED**.

3. Plaintiff is warned that his continued duplicative and/or harassing filing of lawsuits against Defendants and related parties in connection with his employment with American Red Cross and related arbitration proceedings and/or the filing of frivolous motions and other filings in the now pending or previous closed cases may result in the imposition monetary sanctions including attorneys' fees and the imposition of a pre-filing injunction.

**SO ORDERED.**

The Clerk is directed to close this case.

Robert J. Conrad, Jr.
United States District Judge